IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Malibu Media, LLC | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: 8:14-cv-03924 |
| John Doe (IP Address: 173.73.44.225) | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION TO QUASH SUBPOENA

John Doe (IP address 173.73.44.225) ("Defendant"), by and through counsel Christina N. Boffen and The Law Office of Christina N. Boffen, LLC, hereby moves to quash the subpoena directed to Verizon in the instant case. Defendant states the following in support thereof:

### I. BACKGROUND

Malibu Media, LLC ("Plaintiff"), filed its Complaint on December 17, 2014 alleging that Defendant violated its copyrights to twenty-eight (28) pornographic video productions.

The Court granted Plaintiff's request to take expedited discovery. To uncover Defendants' identifying information, Plaintiff issued a subpoena to Defendants' Internet Service Provider (ISP), Verizon. Plaintiff utilizes an Internet Protocol (IP) address to identify the alleged infringer, Defendant. Defendant was identified by IP address 173.73.44.225. Before revealing Defendant's identifying details, including name and address, Verizon alerted Defendant with notice of the Plaintiff's subpoena.

1

Plaintiff's Complaint is ostensibly about the protection of Plaintiff's copyright to a number of pornographic films, however this litigation is just one of countless actions brought by this Plaintiff and other similar Plaintiffs claiming copyright protection for pornographic films. To your Defendant's knowledge and belief, very few of these similar actions have ever been brought to trial.

The fact that few similar cases have been brought to trial is significant. It evidences the real purpose of these suits: not to enforce copyrights, but to bully Defendants such as John Doe into financial settlements to avoid being publicly associated with a pornographic video company and avoid being publicly accused of illegally downloading pornography.

## II. DEFENDANT HAS STANDING TO CHALLENGE THE SUBPOENA

A party has standing to challenge a subpoena issued to a non-party if the party claims "some personal right or privilege in the information sought in the subpoena." *Robertson v. Cartinhour,* No. AW-09-3436, 2010 WL 716221, at *1 (D.Md. Feb. 24, 2010).

In this case, Defendant has a right to privacy of personal information, including name and address. No matter how "minimal or 'exceedingly small' the Doe Defendants' interests here are, parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoena to a third party." *Robertson,* 2010 WL 716221, at *1. This court has already held: "accordingly, it appears that Doe Defendants [in BitTorrent cases] have standing to contest the subpoenas, and their motions to quash will not be denied on that basis." *Third Degree Films, Inc.* 8:11-cv-3007-DKC (D. Md. 2012).

### III.     THE SUBPOENA MUST BE QUASHED

Defendant has a substantial privacy interest in its name and address.  Plaintiff only presents evidence linking the alleged downloads to Defendant's IP address.  Plaintiff does not present evidence indicating that Defendant was the individual who executed the alleged thirty-two downloads of pornographic material.  In fact, the Defendant in question does not even reside in the United States of America.  Any individual permissibly or impermissibly using Defendant's wireless Internet service could have executed the alleged downloads.

At least one court has denied a similar Plaintiff's requests for pre-service discovery, finding that "Plaintiff's sought-after discovery, as designed, has potential to draw numerous innocent internet users into the litigation, placing a burden upon them that outweighs Plaintiff's need for discovery." *Pac. Century Int'l, Ltd. v. Does 1-101,* CV-11-2533 (DMR), 2011 WL 5117424 at *2 (N.D. Cal. Oct. 27, 2011).  In another similar case, the court stated that that the lack of a perfect correlation between IP addresses and Doe defendants, combined with the stigma associated with accusations of even viewing pornography, "gives rise to the potential for coercing unjust settlements from innocent defendants." *Digital Sin, Inc. v. Does 1-176,* CV-12-00126, 2012 WL 263491, at *1 (S.D.N.Y. Jan 30, 2012).   This court stated in *Third Degree Films* 8:11-cv-3007 (D. Md. April 27, 2012) that "the risk of extortionate settlements is too great to ignore, especially when joinder is being used to that end."

Due to the pornographic nature of the download in question, the release of Defendant's personal information risks a substantial and almost certainly permanent injury to Defendant's reputation, and risks subjecting Defendant to the time, expense, emotional distress and humiliation of defending against a baseless and embarrassing lawsuit.  If Defendant is publicly accused of illegally downloading pornography, Defendant may be permanently affected and

stigmatized.  Defendant's business relationships, career, family ties, and social ties may be irreparably impacted by the mere public allegation of such an offense.  "The risk of inappropriate settlement leverage is enhanced in a case involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content defendant was accessing." *Cinetel, Inc. et al v. Does 1-1,1052,* No. 11-cv-2438-JFM (D.Md. 2012)  at *4.

> Plaintiff should acknowledge the fact that:
>
> "IP subscribers are not necessarily copyright infringers.... [while] an IP address might actually identify an individual subscriber and address the correlation is still far from perfect... The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."

*VPR Internationale v. Does 1-1017,* 2011 U.S. Dist. LEXIS 64656 (C.D. Ill. Apr. 29, 2011).  It is absolutely impossible for Verizon or Plaintiff or anyone else to determine from an IP address (a) what type of device was connected to the Internet connection of Defendant on the dates in issue, (b) who was using the device on those dates, (c) who was aware of the use of that device on those dates, or (d) the physical location of any device that was linked to that IP address on those dates.

Most of the ISP subscribers in BitTorrent copyright infringement cases are not infringers. In light of this, Plaintiff should not be permitted to infringe upon Defendant's privacy rights. Accordingly, the subpoena referencing Defendant should be quashed.

Respectfully submitted,

*/s/ Christina Boffen*

Christina N. Boffen, Esq.
The Law Office of Christina N. Boffen, LLC
216 N. Crain Hwy, Suite 202A
Glen Burnie, MD 21061
(410) 718-2929
Fax: (410) 747-3741
cboffen@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of March, 2015, a copy of the foregoing was electronically submitted by Christina Boffen and The Law Office of Christina N. Boffen, LLC to the CM/ECF system which will send notification of such filings to Jon Hoppe, counsel for Malibu Media, LLC.

*/s/ Christina Boffen*

Christina N. Boffen, Esq.
The Law Office of Christina N. Boffen, LLC
216 N. Crain Hwy, Suite 202A
Glen Burnie, MD 21061
(410) 718-2929
Fax: (410) 747-3741
cboffen@gmail.com